McNICHOL v. PHILLIPS et al.

(Supreme Court, Appellate Term. October 16, 1911.)

1. MASTER AND SERVANT (§ 39*)—WRONGFUL DISCHARGE—PLEADING.

The proposed amended answer in an action for damages for discharging plaintiff from defendant's service alleged that plaintiff, while employed as bookkeeper, without defendant's permission, took papers from his possession and extracts from his books and delivered them to the United States district attorney, and divulged to him information "derived by the plaintiff with respect to the defendant while in his employ," and that such information and documents were made the basis of a prosecution against defendant by such district attorney, wherefore defendant justifiably discharged plaintiff. Held, that the proposed answer did not show that defendant was engaged in the commission of a crime, and that plaintiff was the cause of his exposure and was discharged for that reason, so that it was error to refuse to allow the amendment, on the ground that it did not allege facts constituting a justifiable cause for plaintiff's discharge.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 39.*]

2. EVIDENCE (§ 60*)—PRESUMPTIONS—COMMISSION OF CRIME.

It is not to be presumed that one committed a crime.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 81; Dec. Dig. § 60.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Special Term.

Action by John T. McNichol against Isaac Phillips and another, partners as I. & M. Phillips. From an order denying a motion for leave to serve an amended answer and for relief from defendants' failure to serve one, defendants appeal. Reversed, and motion granted.

Argued before SEABURY, GUY, and COHALAN, JJ.

Fried & Czaki, for appellants.

Andrew F. McNickle, for respondent.

PER CURIAM. The lower court refused to allow the defendants to serve an amended answer and to relieve defendants from their failure to serve one, upon the sole ground that the allegations thereof did not constitute a justifiable cause for the discharge of the plaintiff as alleged therein.

[1] The proposed answer, in addition to a general denial, reads as follows:

"Further answering the complaint, and as a defense thereto, the defendants allege: Second. That the plaintiff, while in the employ of the defendants as a bookkeeper in the year 1910, without their permission or consent, took from their possession papers and extracts from books of account, and delivered said papers and documents to the possession of the United States attorney for the Southern district of New York, and other persons, and divulged to said United States attorney certain information derived by the plaintiff with respect to the defendants while in their employ and by reason of such employment. That such information and such documents were made the basis of a prosecution against these defendants by the said United States attorney. Wherefore these defendants justifiably discharged the plaintiff from their employ."

There is nothing in these averments from which it can be said that the defendants were engaged in the commission of a crime and that the plaintiff was the cause of their exposure.

[2] Moreover, it is not to be presumed that such was the case. The amended answer should have been received, leaving it to be determined, from the facts adduced at the trial, whether or not the plaintiff's discharge was justifiable.

Order reversed, with $10 costs and disbursements, and motion granted, upon terms to be fixed by the court below.